UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LOPEZ-POTENCIANO,            )<br>                                                         )<br>                      Petitioner,       )<br>                                                         )<br>           v.                                          )<br>                                                         )<br>ICE FIELD OFFICE DIRECTOR,  )<br>                                                         )<br>                      Respondent.    )<br>_____ ) | CASE NO. C13-0682-TSZ-MAT<br><br>REPORT AND RECOMMENDATION |

On April 15, 2013, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention and seeking either supervised release or a bond hearing. (Dkt. No. 1.) The Court authorized service of process upon the respondent, and on May 24, 2013, respondent filed a Return Memorandum and Motion to Dismiss the petition for writ of habeas corpus. (Dkt. No. 7.) On June 28, 2013, however, respondent filed a Notice of Removal along with a Warrant of Removal/Deportation, which indicates that petitioner was removed from the United States to Mexico on June 24, 2013. (Dkt. No. 10, Exh. A.) Respondent asserts that the habeas petition has become moot and should be dismissed.

REPORT AND RECOMMENDATION
PAGE -1

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed. *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). The habeas petition, therefore, should be dismissed with prejudice as moot. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

Accordingly, the Court recommends that petitioner's petition for writ of habeas corpus be dismissed with prejudice as moot, and that respondent's motion to dismiss be terminated as moot.

01        A proposed order accompanies this Report and Recommendation.

02        DATED this 2nd day of July, 2013.

                                        _____
                                        Mary Alice Theiler
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3